# Estate of Sarah J. McConnell.    Appeal of Robert Mc-Connell.

*Decedent's estate—Distribution—Collateral heirs—Statutes.*

The Act of April 27, 1855, P. L. 368, constituted the grandchildren of brothers and sisters and the children of uncles and aunts additional classes of collateral heirs as distinguished from next of kin, and as to these two classes made the rule of distribution per stirpes; the purpose of the Act of June 30, 1885, P. L. 251 is to provide for a per capita distribution where the distributees stand in the same degree of consanguinity to the intestate, and therefore repeals the act of 1855 only so far as it prescribes the mode of distribution in such case, but does not repeal or modify the act so far as it creates new classes of collaterals.

Argued April 27, 1897.    Appeal, No. 126, April T., 1897, by Robert McConnell, from decree of O. C. Allegheny Co., Oct. T., 1896, No. 26, in distribution.    Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Exceptions to adjudication.    Before OVER, J.

The following facts appeared from the evidence:

Sarah J. McConnell, the decedent, died on the 30th day of July, 1895, at the age of sixty-five years.    She died intestate, unmarried, without issue and without surviving parents, brothers or sisters.    The only next of kin, so far as known are Robert McConnell, uncle of the decedent, and two children of a deceased uncle, Samuel McConnell, viz: William McConnell and Mrs. Jane McCourt, now living at Fond Du Lac, Wisconsin. Samuel's death occurred prior to 1884.    There are therefore three people standing in the following relations to the decedent, to wit: Robert McConnell as the only surviving uncle, and the said William McConnell and Mrs. Jane McCourt as first cousins. At the time of her death decedent was seized of certain real estate to the value of about $4,000 and personal property to the amount of $638.34.    The court ordered distribution of the personalty, after deducting the expenses of the audit, one half to Robert McConnell and one half to the children of Samuel McConnell per stirpes.

Exceptions were filed on behalf of Robert McConnell, which were dismissed in the following opinion by OVER, J.

The decedent died on the 30th day of July, 1895, intestate, leaving to survive her of kin only an uncle and two children of a deceased uncle. The auditing judge distributed one half of the fund in the administrator's hands to the uncle, and the other half to the children of the deceased uncle, to which exceptions are filed, it being alleged that the whole fund should have been distributed to the uncle. The 8th section of the intestate act of April 8, 1833, provided that there should be no representation admitted amongst collaterals after brothers' and sisters' children. Under this section where there were surviving uncles or aunts, the children of deceased uncles and aunts were excluded: Parr v. Bankhart, 22 Pa. 291. But to remedy this the Act of April 27, 1855, P. L. 368, was passed, the second section being as follows:

"Among collaterals, when by existing laws entitled to inherit, the real and personal estate shall descend and be distributed among the grandchildren of brothers and sisters, and the children of uncles and aunts, by representation; such descendants taking equally among them such share as their parent would have taken, if living."

This act constituted the grandchildren of brothers and sisters, and the children of uncles and aunts additional classes of collateral heirs as contradistinguished from next of kin, and as to these two classes made the rule of distribution per stirpes: Hayes' Appeal, 89 Pa. 256; Krouts' Appeal, 60 Pa. 380; Brenneman's Appeal, 40 Pa. 115; Lane's Appeal, 28 Pa. 487.

If this act is still in force the decree is undoubtedly right, but it is contended that it was repealed by the Act of June 30, 1885, P. L. 251, the title and enacting clause of which are as follows: "An act providing for the manner in which estates of intestates shall be distributed where the distributees stand in the same degree of consanguinity to the intestate. 'Section 1: Be it enacted, that whenever by the provisions of the intestate laws of this commonwealth, it is directed that real and personal estate shall descend to or be distributed among several persons, whether lineal or collateral heirs, or kindred standing in the same degree of consanguinity to the intestate, if there be only one of such degree, he shall take the whole of such estate; and

if there be more than one, they shall take in equal shares; and if real estate, shall hold the same as tenants in common.' "

Under the 14th section of the act of 1833, when the collaterals stood in the same degree, the distribution was per capita; but under the act of 1885, as to the two new classes of collaterals created by it, the distribution was per stirpes. The purpose of the act of 1885, which is a verbatim reënactment of the 14th section of the act of 1833, evidently was to make the rule of distribution uniform, by providing in all cases for a per capita distribution, where the persons entitled stand in the same degree of consanguinity to the intestate and therefore repeals the act of 1855, only so far as it prescribes the method of distribution: Cremer's Estate, 156 Pa. 40. There is no intention expressed, nor implied to repeal, or modify the act, so far as it creates new classes of collaterals. The title to the act of 1885 shows that it only applies to cases where the distributees stand in the same degree of consanguinity to the intestate; and as here they stand in different degrees, it does not apply to this case. The exceptions to the decree are therefore dismissed.

*Errors assigned* were (1) entering decree of distribution as above. (2) In dismissing exceptions to the decree.

*A. E. Anderson* and *Howard Q. Turner*, for appellant.—Under the 7th and 8th sections of the Intestate Act of 1833, P. L. 316, Robert McConnell would take the entire estate as surviving uncle, the children of the deceased uncle being excluded: Parr v. Bankhart, 22 Pa. 291.

It is claimed that by virtue of the Act of April 27, 1855, P. L. 368, grandchildren of brothers and sisters and children of uncles and aunts are as two new classes of collaterals, and that they take as such class per stirpes and not per capita as they would take under the act of 1833.

It is contended however, that the construction of the act of 1855 is such that when grandchildren of brothers and sisters and children of uncles and aunts are entitled to inherit as the nearest degree, they should take their inheritance per stirpes and not per capita, thus modifying the 14th section, but not the 8th section of the act of 1833, as above cited.

This construction of the act of 1855 would not disturb the

harmony in the act of 1833 as to descent of estates, nor violate the reasons given in report of commissioners for the passage of the 8th section of the act of 1833. Their report is cited by PENROSE, J., in Whitaker's Est., 175 Pa. 139.

This is illustrated in the Act of May 25, 1887, P. L. 261, passed upon in Whitaker's Est., supra.

It has been decided in Cremer's Est., 156 Pa. 40, that the Act of June 30, 1885, P. L. 251, repeals the act of 1855 as to the method of distribution. This being so, if our contention is correct, then the act of 1855 is eliminated entirely from the intestate law, and the original act of 1833 is restored as intended by the legislature.

*John D. Brown*, and *D. T. Watson*, for appellee.—The Act of June 30, 1885, P. L. 251, does not affect the act of 1855, except where all the distributees are of the same class and of the same degree of relationship as to the testator: Lane's App., 28 Pa. 487; Stark v. Stark, 55 Pa. 62; Krout's App., 60 Pa. 380; Hayes' App., 89 Pa. 256; Perot's App., 102 Pa. 235, 257; Rodgers' App., 131 Pa. 383; Brenneman's App., 40 Pa. 115; Cremer's Est., 156 Pa. 40; Whitaker's Est., 175 Pa. 139.

PER CURIAM, July 23, 1897 :

We fully concur in the conclusions of the orphans' court that (1) the Act of April 27, 1855, P. L. 368, constituted the grandchildren of brothers and sisters and the children of uncles and aunts additional classes of collateral heirs as contradistinguished from next of kin, and as to these two classes made the rule of distribution per stirpes; (2) that the purpose of the Act of June 30, 1885, P. L. 251, was to provide for a per capita distribution where the distributees stand in the same degree of consanguinity to the intestate, and therefore repeals the act of 1855 only so far as it prescribes the mode of distribution in such case but does not repeal or modify the act so far as it creates new classes of collaterals. These conclusions are so well sustained by the reasoning of the learned judge of the court below and the authorities cited in his opinion that further discussion is unnecessary and would be unprofitable.

The decree is affirmed and the appeal is dismissed at the costs of the appellant.